## Case No. 9,840.

### MORRISON v. ALEXANDER.

[1 Hayw. & H. 68.][1]

Circuit Court, District of Columbia. April 6, 1842.

LANDLORD AND TENANT—TENANT DISPOSSESSED—
ACTION AGAINST LANDLORD—INTENT—DAMAGES.

Where the lessor executes a lease, having made false representations to the lessee of ownership and seisin with intent to deceive and defraud the lessee, and the lessee is evicted by a third person claiming under the lessor, the lessee may recover damages from the lessor, and the question of intent is one to be determined by the jury upon consideration of all the circumstances of the case.

[This was an action at law by Alexander Morrison against Charles Alexander.]

The first count of the declaration stated that the defendant, representing that he owned and was seized of a certain tract with the buildings thereon, did lease the said premises to the plaintiff for the term of ten years from March 16, 1838, with the privilege of purchase by the plaintiff during the term for $200; that plaintiff entered into possession under his lease; that defendant had not the lawful right to make said demise, because he had theretofore and on the 29th of January, 1838, executed and delivered to a certain Henry Miller, a contract in writing whereby the said defendant bound himself to convey the said premises to the said Miller, &c.;

---

[1] [Reprinted from 10 N. B. R. 105, by permission.]

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

that said Miller had taken possession of said premises under said contract, and on the 16th of April, 1838, evicted the plaintiff therefrom. The second count sets up that during the four weeks the plaintiff occupied the premises $500 was by him (said plaintiff) expended in cultivating the said land; that the said defendant had concealed the fact from the knowledge of the plaintiff, that he had prior to the plaintiff's entry on said land delivered possession of the same land to said Miller, who was by reason of said contract entitled to the possession of said land as against this plaintiff, and afterward evicted the plaintiff therefrom, by reason of which he was otherwise injured and damaged to the amount of $2,500, &c.

A deposition read in evidence on the part of the plaintiff was as follows: "I prepared a lease for the parties to this suit at their request. It contained the agreement of both parties. It was never signed, because Alexander kept putting Morrison off, and at last sold the premises. I sent the plaintiff's goods and family down to the place described at the request of the defendant; that the said Alexander told me he had given the plaintiff and his family quiet possession of the place."

Brent & Brent, for plaintiff.

R. S. Coxe and Henry M. Morfit, for defendant.

Before CRANCH, Chief Judge, and THRUSTON and MORSELL, Circuit Judges.

On the part of the defendant THE COURT was asked to instruct the jury: That before the plaintiff can recover in this action it is necessary to prove to the satisfaction of the jury that the defendant represented to the plaintiff at the time of his negotiation with him that he had a good title and right to the premises stated in the declaration, and that when he made such representation he knew the same to be false, and made it with the intent to deceive and defraud the plaintiff, or that he had with such intent to defraud and deceive the plaintiff concealed from the plaintiff the fact that he had prior to the contract with him sold the said property to Miller,—which was given by THE COURT, with this addition: That the question of intent as aforesaid is a question for the consideration of the jury under all the circumstances given in evidence.

Verdict for the plaintiff and judgment on the verdict for $175.